# UNITED STATES DISTRICT COURT

__Western__ District of __Arkansas__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For a Petty Offense) |
| RANDY TURNER | CASE NUMBER: 3:14-03005M-001 |
| | Bruce D. Eddy |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ **THE DEFENDANT** pleaded ☐ guilty to the offense(s) on: _____

X **THE DEFENDANT** was found guilty on: May 6, 2014

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 36 C.F.R. § 2.34(a)(1) | Disorderly Conduct, Threatening or Violent Behavior | 07/31/2013 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.

☐ **THE DEFENDANT** was found not guilty on violation(s): _____

☐ Violation(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: XXX-XX-2987 | August 12, 2014 |
| | Date of Imposition of Judgment |
| Defendant's Date of Birth: XX/XX/1955 | |
| | /s/ Marschewski |
| Defendant's USM No.: None | Signature of Judicial Officer |

Defendant's Residence Address:

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

DeWitt, Arkansas 72042

Honorable James R. Marschewski, Chief United States Magistrate Judge
Name and Title of Judicial Officer

August 15, 2014
Date

Defendant's Mailing Address:

Same as above

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 15 2014

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

AO 2451 (Rev. 3/01) Judgment in a Criminal Case for a Petty Offense
Case 3:14-mj-03005-JRM   Document 10   Filed 08/15/14   Page 2 of 5 PageID #: 29
Sheet 3 — Criminal Monetary Penalties

Judgment — Page   2   of   5

DEFENDANT: RANDY TURNER
CASE NUMBER: 3:14-03005M-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 3, Part B.

|  | **Assessment** | **Fine** | **Processing Fee** |
|---|---|---|---|
| **TOTALS** | $ 10.00 | $ 250.00 | $ 25.00 |

**All monetary obligations ordered by the court, except restitution, are to be made payable to:

**Central Violations Bureau**
**P. O. Box 71363**
**Philadelphia, PA 19176-1363**

The U. S. District Clerk will disperse restitution funds received from the defendant to the victims

☐  The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ | $ |  |

☐  If applicable, restitution amount ordered pursuant to plea agreement _____

☐  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 3, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  X  the interest requirement is waived for    X  fine and/or    ☐  restitution.

  ☐  the interest requirement for    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RANDY TURNER
CASE NUMBER: 3:14-03005M-001

Judgment — Page 3 of 5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  Lump sum payment of $ 285.00  due:

    ☐ not later than _____ , or
    X  in accordance   X  C,   ☐ D, or   ☐ E below; or

B  ☐  Payment to begin immediately (may be combined   ☐ C,   ☐ D, or   ☐ E below); or

C  X  Payment in __monthly__ (e.g., equal, weekly, monthly, quarterly) installments of __$25__ over a period of __1 year__ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: RANDY TURNER
CASE NUMBER: 3:14-03005M-001

# PROBATION

The defendant shall be sentenced to probation for a term of: **one (1) year.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245I (Rev. 3/01) Judgment in a Criminal Case for a Petty Offense
Case 3:14-mj-03005-JRM   Document 10   Filed 08/15/14   Page 5 of 5 PageID #: 32
Sheet 5A — Probation Supervision

Judgment — Page  5  of  5

DEFENDANT: RANDY TURNER
CASE NUMBER: 3:14-03005M-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is banned from the Buffalo National River area for a term of 1 year.